**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **VICTOR ENRIQUE HERNANDEZ VIDOVIC,** | § | |
| **Petitioner,** | § | |
| | § | **EP-26-CV-02128-DB** |
| **v.** | § | |
| | § | |
| **MICHAEL WATKINS**, *Officer in Charge, El Paso Service Processing Center*, | § | |
| **Respondent.** | § | |

**ORDER**

On this day, the Court considered the above-captioned case. On August 13, 2026, Petitioner Victor Enrique Hernandez Vidovic ("Petitioner") filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("Petition"), ECF No. 1. Petitioner is currently detained at the El Paso Processing Center in the Western District of Texas. ECF No. 1 at 1. He argues his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 4.

Petitioner is a Venezuelan national who entered the United States in 2023. ECF No. 1 at 1; ECF No. 4 at 8. Upon arrival, Petitioner presented himself at the port of entry and was subsequently paroled into the country. ECF No. 4 at 8. He has a pending asylum application and possesses a valid Employment Authorization Document. ECF No. 1 at 1. On May 15, 2026, Petitioner was arrested for Domestic Violence Aggravated Assault. ECF No. 4 at 8. He was detained by immigration authorities that same day. *Id.* To date, Petitioner has not received a bond hearing before an immigration judge. ECF No. 1 at 1. Construing the Petition liberally, Petitioner asserts, among other things, that his detention violates his due process rights because he has a fundamental liberty interest in being free from official restraint and is being deprived of an individualized hearing justifying his detention. *Id.* at 18.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, 806 F.Supp.3d 690 (W.D. Tex. 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention); *Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) (holding that petitioner, who entered the United States without inspection but was later detained by immigration officials, was entitled to an individualized hearing justifying his detention); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506 (W.D. Tex. Feb. 9, 2026) (holding that petitioner, who was re-detained after being released on humanitarian parole, was entitled to an individualized hearing justifying his detention). Yet, in their response, ECF No. 4, filed on August 20, 2026, Respondents fail to discuss any of the Court's previous procedural due process decisions or offer any meaningful reasons why this case warrants a different outcome.

Instead, Respondents offer the same template arguments this Court has already rejected. *Compare* Response, ECF No. 4 *with Zafra*, 2025 WL 3239526 (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Hassen*, 2026 WL 446506 (rejecting Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) as a noncitizen initially placed in expedited removal proceedings, then transferred to full removal proceedings after establishing a credible fear of persecution or torture); *Morales-Quirino v. De Anda-Ybarra,* No. EP-26-CV-00323-DB (W.D. Tex. Feb. 17, 2026) (rejecting Respondents' argument that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) forecloses petitioner's procedural due process challenge); *Rodriguez v. Bondi*, No. EP-26-CV-

00292 (W.D. Tex. Feb. 25, 2026) (rejecting Respondents' argument that, pursuant to the immigration entry fiction, petitioner was not entitled to due process, despite being released by DHS); *Diaz Yanez v. Noem*, No. EP-26-CV-486 (W.D. Tex. March 4, 2026) (rejecting Respondents' argument that petitioner's procedural due process claim is foreclosed by the Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003); Order Denying Motion to Stay, *Jimenez Ravelo v. De Anda-Ybarra*, No. EP-26-CV-01892-DB (W.D. Tex. July 31, 2026), Dkt. 10 (rejecting Respondents' assertion that the Fifth Circuit's stay order, ECF No. 199, in *Sosnava Rodriguez v. Ortega*, No. 26-50183 (5th Cir. July 21, 2026) mandates this Court to cease granting any immigration habeas relief under due process principles until an *en banc* decision is rendered). The Court understands it is Respondents right to preserve their arguments for appeal. However, for the present purposes, they have made no new legal arguments nor any effort to distinguish the facts of this case. Therefore, the same result is warranted in this case.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), **IT IS HEREBY ORDERED** Petitioner's "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's continued detention;

**OR** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than August 26, 2026.**[1]

**IT IS FURTHER ORDERED** that if Respondents choose to provide a bond hearing in lieu of release, Respondents **SHALL NOTIFY** Petitioner's habeas attorney, if any, of the hearing details at the earliest possible time within the confines of the deadlines set forth herein.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory either (1) informing the Court, in detail, of the reasons for the immigration judge's bond hearing decision held in accordance with the above line order, or (2) informing the Court of Petitioner's release **no later than August 31, 2026.**[2]

**IT IS FURTHER ORDERED** that if Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than September 3, 2026.**

---

[1] Respondents are forewarned that a proceeding where an immigration judge denies bond for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with the instant Order. In such event, release from custody is *required*.

[2] The parties are advised that if any of the deadlines ordered herein fall on a Saturday, Sunday, or legal holiday, the compliance period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

**IT IS FINALLY ORDERED** that the District Clerk's Office **SHALL OVERNIGHT MAIL** a copy of this order to Petitioner at the address on file.

**SIGNED** this **21st** day of **August 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**